UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JORGE A.,[1]

Plaintiff,

v.

FRANK BISIGNANO, *Commissioner of Social Security*

Defendant.

Case No.: 25-cv-3410-MMP

**ORDER STRIKING PLAINTIFF'S FILING, ECF NO. 22**

[ECF No. 22]

On December 3, 2025, Plaintiff filed this Social Security appeal. ECF No. 1. The case was initially assigned to Magistrate Judge Jill L. Burkhardt pursuant to General Order 707-A, and Plaintiff was notified of the right to consent to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c). ECF No. 3. Plaintiff and his counsel timely submitted the Consent/Declination form, indicating Plaintiff "consent[ed] to have a United States Magistrate Judge conduct all proceedings in this case" and "Plaintiff's consent will be to Magistrate Judge jurisdiction generally, and consent will not be revoked if the case is subsequently transferred to the docket of a different Magistrate Judge." ECF No. 5;[2] *see*

---

[1] In accordance with Civil Local Rule 7.1(e)(6)(b), the Court refers to all non-government parties by using their first name and last initial.

[2] The Notice and "Consent/ Declination Form" correctly identify the parties in the case but have a typo in the case number, listing Case No. 25-cv-3310-JLB rather than the correct 25-cv-3410. Both Plaintiff and his counsel's name are correct. Moreover, at the time, this case was Plaintiff's only active pending case in this District. Thus, it is clear this was a scrivener's error, and the typo does not affect the Court's analysis.

*also* CivLR 73.2(c). The United States did not withdraw its consent, and the case was deemed assigned to a Magistrate Judge for all purposes.

Upon Plaintiff and the Commissioner each filing their opening merits brief, the Clerk issued a Notice of Related case regarding this action and the "low-numbered" Case No. 23-cv-1162-MMP. ECF No. 19. No parties objected, and on July 6, 2026, this case was reassigned to Magistrate Judge Michelle M. Pettit for all purposes pursuant to Local Rule 40.1. ECF No. 21.

Following transfer to Magistrate Judge Pettit, Plaintiff submitted an outdated "Consent/Declination Form" pursuant to General Order 707, purporting to indicate consent to have Magistrate Judge Burkhardt conduct all proceedings.[3] ECF No. 22.

## I. LEGAL STANDARD

"Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a . . . civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). "Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn by the court only 'for good cause shown on its own motion, or under extraordinary circumstances shown by any party.'" *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993) (citing 28 U.S.C. § 636(c)(6); Fed. R. Civ.P. 73(b); *Fellman v. Fireman's Fund Ins. Co.,* 735 F.2d 55, 58 (2d Cir. 1984)). "There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge." *Id.*

"[O]nly a district judge may rule on a motion to withdraw consent to the jurisdiction of a magistrate judge under section 636(c)(4)." *Branch v. Umphenour*, 936 F.3d 994, 1003 (9th Cir. 2019).

//

//

[3] For context, the Consent/Declination Form under General Order 707 identified a *particular* Magistrate Judge's authority for purposes of consent, rather than Magistrate Judge jurisdiction generally.

## II. ANALYSIS

Here, Plaintiff consented in writing to Magistrate Judge jurisdiction generally at the outset of the case, acknowledging such consent could not be revoked if, as here, the case was subsequently transferred to a different Magistrate Judge. ECF No. 5. However, following transfer of the case pursuant to the "low number" rule, Plaintiff submitted a consent form purporting to consent specifically to the prior magistrate judge assigned to the case. ECF No. 22. Plaintiff does not explain, and it is unclear to the Court, why Plaintiff submitted such a form. Moreover, the form references General Order 707 that is no longer in effect and has been expressly superseded by General Order 707-A and Local Rule 73.2. *See* CivLR 73.2(e); General Order 707-A(e). Plaintiff is represented by experienced counsel, and it is clear the filing is not a motion for leave to withdraw Plaintiff's consent nor does it provide any reasons to do so. *See Dixon*, 990 F.2d at 480.

## III. CONCLUSION

Because Plaintiff has already consented to Magistrate Judge jurisdiction generally, and there is no motion to withdraw consent or request to vacate the reference for "extraordinary circumstances," the Court **STRIKES** Plaintiff's filing as improper, ECF No. 22.

Pursuant to the parties' consent, the undersigned Magistrate Judge will conduct all proceedings in this case including ruling on merits briefing, the entry of final judgment, and all post-trial proceedings.

**IT IS SO ORDERED**.

Dated: August 11, 2026

Michelle M. Pettit

HON. MICHELLE M. PETTIT
United States Magistrate Judge